UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

Alan Clarke,

    Plaintiff,

v.

Dutton Harris & Company, PLLC, et al.

    Defendants.

Case No. 2:20-cv-00160-JAD-BNW

**ORDER**

Before the Court is plaintiff Alan Clarke's motion to extend the time for service upon defendant Bob Dutton, and to effect service upon him by publication. ECF No. 16. Clarke sent Dutton, via email, a waiver of service form and a copy of the summons and complaint. Dutton responded that he would sign and return the waiver but he has since declined to do so. Service upon Dutton as his home address has been unsuccessful.

The Court finds that Clarke has established good cause to extend the time for service. Clarke also largely meets the requirements for service by publication under federal and Nevada law. The Court will issue a conditional order allowing Clarke to serve Dutton by publication. The order is conditioned upon Clarke suggesting, within one week from today's order, a periodical or other newspaper whose circulation encompasses Dutton's home in Midland, Texas.

**I.  Background.**

Clarke initiated this matter with a complaint he filed on January 23, 2020. ECF No. 1. Clarke accuses defendants Dutton Harris & Company, PLLC ("DHC") and Bob W. Dutton of negligence, accounting malpractice, and breach of contract, stemming from their handling of certain estate and trust tax returns for decedent Valda R. Clarke. *Id.* at 3. Clarke invokes the Court's diversity jurisdiction. *Id.* at 2.

1  Based on the date of Clarke's complaint, the deadline to serve defendants originally expired on April 22, 2020. *See* Fed. R. Civ. P. 4(m). Clarke sought an extension of that deadline because he anticipated receiving a waiver of summons from both DHC and Dutton. ECF No. 1 at 3. The Court granted Clarke a 30-day extension, which made May 22, 2020, the new deadline for service. ECF No. 9.

The record reflects that DHC returned the waiver of service to Clarke but Dutton did not. ECF No. 10. Thus, in June 2020 the Clerk of Court informed Clarke that she intended to dismiss Dutton from this action unless a proof of service was filed within 30 days. ECF No. 11. Before the expiration of the Clerk's 30-day notice, Clarke filed the underlying motion. ECF No. 16.

## II. Motion to extend time.

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

Here, the Court need not advance beyond the first step because Clarke has established good cause. Courts must determine good cause on a case-by-case basis. *Id.* Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted). To determine whether excusable neglect rises to the level of good cause, the Court must analyze whether: (1) the party to be served personally received actual notice of the lawsuit; (2) defendant would suffer prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *In re Sheehan*, 253 F.3d at 512.

Clarke meets all three of the good-cause requirements. As an initial matter, the Court notes that Clarke did not seek this additional extension until after the expiration of the May 22

1  deadline. The belated character of the request does not evince diligence. However, Clarke has
2  been diligent in other ways.
3      Turning to the first requirement, Clarke established that Dutton received actual notice of
4  the lawsuit. Clarke sent the summons, complaint, and waiver of summons to DHS and Dutton on
5  April 21, 2020, and then again on May 1, 2020. ECF Nos. 16-2 and 16-3. Dutton confirmed
6  receipt of at least one of these emails and he remarked that he would scan the waiver of service
7  form "as early as possible" after signing it. ECF No. 16-2. Dutton is therefore on actual notice of
8  this lawsuit.
9      Second, Dutton is unlikely to suffer any prejudice by this extension. This matter has not
10  advanced beyond the pleading stage, and this is only Clarke's second extension.  Any prejudice to
11  Dutton is minimal.
12      Third, Clarke would be severely prejudiced if his claim against Dutton were dismissed.
13  Clarke received notice of his claim via a demand letter dated January 24, 2018. He filed his
14  complaint just shy of two years later, in hopes of avoiding a statute of limitations defense by
15  defendants. ECF No. 1. Nevada law does in fact set a 2-year statute of limitations period for at
16  least some negligence claims. NRS 11.190(4)(e). Thus, Clarke has shown that the statute of
17  limitations could potentially bar his negligence claim against Dutton if an extension is not
18  granted.
19      Because all three factors are present, the Court finds that Clarke has shown good cause to
20  extend the time for service on Dutton. Service must be complete by 60 days from today's date.
21  **III.  Motion for service by publication.**
22      The Constitution does not require any particular means of service of process. *Rio Props.,*
23  *Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover*
24  *Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably
25  calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is
26  governed by Rule 4 of the Federal Rules of Civil Procedure.
27      Rule 4(e) governs service of individuals located within a judicial district of the United
28  States. FED. R. CIV. P. 4(e). It provides that service is proper by serving an individual in

1  accordance with law of the state where the district court is located. FED. R. CIV. P. 4(e)(1). This

2  Court is located in the District of Nevada.  The Nevada Rules of Civil Procedure ("NRCP"), in

3  turn, allow for service by publication.  NRCP 4.4(c).

4       A litigant who desires to effect service by publication must meet seven requirements.

5  NRCP 4.4(c).[1]  The litigant must (1) establish that "the service methods provided in [NRCP] 4.2,

6  4.3, and 4.4(a) and (b) are impracticable";[2] (2) demonstrate that the defendant cannot, after due

7  diligence, be found, or that the defendant seeks to avoid service of process through concealment;

8  (3) establish through pleadings or other evidence that a cause of action exists against the

9  defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set

10 forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant;

11 (6) provide the proposed language of the summons to be used in the publication, briefly

---

[1]  NRCP 4.4 provides:

(c) **Service by Publication.**   If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
   (1) **Conditions for Publication.**   Service by publication may only be ordered when the defendant:
     (A) cannot, after due diligence, be found;
     (B) by concealment seeks to avoid service of the summons and complaint; or
     (C) is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
   (2) **Motion Seeking Publication.**   A motion seeking an order for service by publication must:
     (A) through pleadings or other evidence establish that:
       (i)  a cause of action exists against the defendant who is to be served; and
       (ii)  the defendant is a necessary or proper party to the action;
     (B)  provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
     (C)  provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
     (D)  suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and
     (E)  if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
       (i)  the defendant's last-known address;
       (ii)  the dates during which the defendant resided at that location; and
       (iii)  confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

[2]  NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. NRCP 4.2(a); FED. R. CIV. P. 4(e)(2). NRCP 4.3 governs service of individuals located outside Nevada or outside the United States. NRCP 4.4(a) governs service in a manner prescribed by statute. And NRCP 4.4(b) governs service "through any alternative service method."

summarizing the claims asserted and the relief sought; and (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice.

Regarding the first requirement, Clarke has established that the service methods in NRCP 4.2, 4.3, 4.4(a), and 4.4(b) are impracticable. Beginning with NRCP 4.2, it is evident that personal or substitute service upon Dutton is impracticable at this juncture because Clarke attempted to serve Dutton at Dutton's home address, but to no one has been home during those attempts.

Further, NRCP 4.3 governs service of persons who, like Dutton, are located outside Nevada, and allows Clarke to serve Dutton in accordance with the law of the state where the defendant is to be served. Based on Clarke's representations, Dutton resides in Texas. Texas law permits service using the same methods authorized by NRCP 4.2. *Compare* Tex. R. Civ. P. 21a(a)(2) *with* NRCP 4.2. The Court has already found that these methods are impracticable. Thus, service under NRCP 4.3 is likewise impracticable.

Service under NRCP 4.4(a), additionally, is inapplicable and therefore impracticable because there exists no statute that requires service upon Dutton in a particular manner.

Finally, NRCP 4.4(b) permits service through "any alternative service method," including, presumably, email. *See Huang v. Carney*, No. 2:19-cv-00845-GMN-BNW, 2020 WL 1044009, at *2 (D. Nev. Mar. 3, 2020). Clarke has already sent the summons, complaint, and waiver to Dutton via email. Dutton agreed to sign and return the waiver but to date he has not done so. Thus, service under NRCP 4.4(b) is likewise impracticable. Therefore, Clarke meets the first requirement because the service methods in NRCP 4.2, 4.3, 4.4(a), and 4.4(b) are impracticable.

Additionally, this Court finds that Clarke has satisfied the second and fifth requirements. Clarke's motion and its supporting exhibits demonstrate that Clarke knows that Dutton resides at the Fenway address in Midland, Texas. Clarke's counsel was in contact with Dutton via email as recently as May, to send Dutton a copy of the complaint, summons, and waiver. ECF No. 16-3. When Dutton failed to return the waiver, Clarke hired a process server to serve Dutton at DHC and at the Fenway address; service was attempted several times but to no avail. *Id.* at 16-5.

Clarke's motion and exhibits, therefore, establish NRCP 4.4(c)'s second and fifth requirements because they: show that Clarke exercised due diligence but could not serve Dutton at his home address; set forth specific facts demonstrating Clarke's efforts to locate Dutton; and establish that Clarke is unaware of any other address where Dutton resides at this time.

Regarding the third requirement, a cause of action is "[a] group of operative facts giving rise to one or more bases for suing" or a "legal theory of a lawsuit." *Cause of Action*, BLACK'S LAW DICTIONARY (11th ed. 2019). Clarke's theory, set forth in his pleadings, is that Dutton was negligent in his preparation of estate and trust tax returns for decedent Valda R. Clarke. Clarke therefore meets the third element.

Further, regarding the fourth requirement, Dutton is a necessary or proper party to this action. Clarke accuses Dutton of negligence stemming from his work as an accountant. Clarke alleges that Dutton was the decedent's accountant for many years and that he was an officer and director of JRAC, a Nevada corporation that comprised part of the decedent's estate and trust. ECF No. 1. Thus, Clarke has shown Dutton is a necessary or proper party to this action.

Clarke likewise meets the sixth requirement. NRCP 4.4 provides that a litigant who desires to serve her adversary by publication must "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought[.]" NRCP 4.4(c)(2)(C). Thus, NRCP 4.4 speaks to the content of the summons. However, the required content of summonses issued by the federal court is governed by Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4(a). Rule 4 does not require that a federal summons briefly summarize the claims asserted nor the relief sought. *See id.*

This Court finds that Rule 4 is consonant with the Rules Enabling Act and the U.S. Constitution because it does not "abridge, enlarge, or modify any substantive right." *See* 28 U.S.C. § 2072; *see also Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Therefore, Rule 4 "applies regardless of contrary state law." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 n.7 (1996). Accordingly, Rule 4 will govern the content of the summonses issued in this case and this Court will not ask Clarke to modify the summons already issued for Dutton at ECF No. 2.

Finally, for the seventh requirement, Clarke suggested that the summons and complaint be published in Nevada Legal News. ECF No. 16 at 7. Nevada law requires Clarke to suggest a newspaper that is "reasonably calculated to give the defendant actual notice of the proceedings." *See* NRCP 4.4(c)(2)(D). Nevada Legal News is a daily newspaper of general circulation printed in Las Vegas, Clark County, Nevada. *JMA Architects v. Citation Prop. Grp.*, Case No. A555070, 2008 WL 8644360 (Nev. Dist. Ct. Nov. 10, 2008). Dutton, however, lives in Midland, Texas.

Clarke does not adequately explain how his proposed newspaper is reasonably calculated to give Dutton actual notice of these proceedings. However, based on Clarke's representations, Dutton is **already** actually aware of these proceedings, since he received a copy of the summons, complaint, and waiver but has thus far refused to return them. Still, the Court will condition an order for publication on Clarke selecting a suggesting periodical whose circulation encompasses Dutton's residence in Texas.

In sum, this Court will grant Clarke's motion to serve Dutton by publication in accordance with NRCP 4.4(c) and Federal Rule 4(e)(1), subject to the conditions set forth below.

Setting aside the order authorizing service by publication, Nevada law enables this Court to order Clarke "to make reasonable efforts to provide additional notice . . . to a defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication.." NRCP 4.4(d)(1). Thus, this Court will also order that Clarke again send the summons and complaint to Dutton at his email address set forth in ECF No. 16-3 and any other email address that Clarke believes belongs to Dutton. Further, Clarke must send a copy of the summons and complaint to Dutton's home address and to DHC. These additional service efforts must be reflected in a proof of service.

**IV.   Conclusion.**

IT IS THEREFORE ORDERED that Clarke's motion for service by publication (ECF No. 16) is GRANTED in part and DENIED in part. The motion is denied insofar as Clarke seeks to effect service exclusively through Nevada Legal News, but it is otherwise granted.

IT IS FURTHER ORDERED that service must be complete within 60 days of this order's date.

IT IS FURTHER ORDERED that Clarke may effect service by publication via Nevada Legal News, conditioned upon the following: by July 16, 2020, Clarke must file a notice with this Court suggesting a newspaper or other periodical of general circulation that is reasonably calculated to reach Dutton at his home in Midland, Texas. The Court will then issue a minute order indicating whether Clarke's proposed publication is acceptable. If the Court finds the proposed publication is acceptable, then Clarke must effect service by publication through Nevada Legal News **and** the proposed publication. Publication in both jurisdictions must be made at least once a week for a period of four weeks.

IT IS FURTHER ORDERED that in addition to service by publication, Clarke must send a copy of the summons and complaint to Dutton: via email at the email address belonging to Dutton and set forth at ECF No. 16-3; via email to any other email address that Clarke believes belongs to Dutton; via mail to Dutton's last-known home address; via mail to DHC's address. These additional service efforts must be set forth in a proof of service, which must explain how or why each email or address is calculated to reach Dutton.

DATED: July 8, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE